IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARI SIMONSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>THURSTON COUNTY SCHOOL DISTRICT 87-0013, and KIRK AHRENDS, in his individual and official capacities;<br><br>    Defendants. | **4:22CV3179**<br><br>**ORDER** |
| KARI SIMONSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>THURSTON COUNTY SCHOOL DISTRICT 87-0013, and KIRK AHRENDS, in his individual and official capacities;<br><br>    Defendants. | **4:24CV3033**<br><br>**ORDER** |

  Plaintiff Kari Simonsen filed two separate complaints against Defendants Thurston County School District 87-0013 and Kirk Ahrends, in his individual and official capacities. The parties jointly move the Court to consolidate both cases for the purposes of discovery. Filing Nos. 43 and 12. The Court grants the parties' motions.

  Under Rule 42 of the Federal Rules of Civil Procedure, actions before a federal court may be consolidated if they involve a common question of law or fact, and consolidation would assist in avoiding unnecessary cost or delay. Fed. R. Civ. P. 42(a). Consolidation is warranted when the actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768–769 (8th Cir. 2009).

Plaintiff is a Thurston County schoolteacher. She alleges in the first lawsuit, 4:22CV3179, that she was unlawfully suspended after entering into contracts to teach for the 2021–2022 and 2022–2023 school years. After Plaintiff filed the first action, she subsequently entered into a contract for the 2023–2024 school year. Plaintiff remained suspended, so she filed additional administrative charges of discrimination and retaliation with the pertinent agencies. She filed the second lawsuit, 4:24CV3033, before her resulting Right to Sue expired.

In the first lawsuit, the Court granted the Defendants' motion to dismiss in part. The operative complaint now alleges a First Amendment (free speech) section 1983 claim and retaliation claims brought pursuant to the Americans with Disabilities Amendments Act ("ADA"), the Rehabilitation Act of 1973, the Nebraska Fair Employment Practices Act ("NFEPA"), and 42 U.S.C. § 1981. The complaint in the second lawsuit alleges two First Amendment (free speech and association) section 1983 claims as well as retaliation claims brought pursuant to the ADA and the Rehabilitation Act, and discrimination and retaliation claims brought pursuant to the NFEPA, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act. The Court set a June 4, 2024 deadline for the parties to file a Rule 26(f) Report in the first lawsuit. Defendants' motion to dismiss is pending in the second lawsuit.

The Court finds consolidation of discovery is appropriate to conserve judicial resources, reduce costs, and promote efficiency in both actions. *See Braddock v. Frontera Produce, Ltd.*, No. 7:13CV5006, 2014 WL 1411764, at *1 (D. Neb. Apr. 11, 2014). Therefore, the Court also finds there is no longer good cause to delay the final progression order in the second litigation until after the Court rules on the Defendants' pending motion to dismiss. *See Dixon v. Charles Schwab & Co., Inc.*, No. 23-2494, 2023 WL 8791599, at *1 (8th Cir. Dec. 19, 2023) (citing Fed. R. Civ. P. 16(b)(2)) (pending motion to dismiss may provide good cause to delay the final progression order).

Accordingly,

IT IS ORDERED:

The parties' joint motions to consolidate, Filing No. 43 (4:22CV3179) and Filing No. 12 (4:24CV3033), are granted as to the discovery stages as follows:

1) The following cases are consolidated for discovery and pretrial preparation purposes only:

    4:22CV3179 Simonsen v. Thurston County School District 87-0013 et al.

    4:24CV3033 Simonsen v. Thurston County School District 87-0013 et al.

2) Unless otherwise advised by the Court, all filings should include both case captions and be filed in both cases.

3) Counsel for the parties shall confer and, on or before, June 4, 2024, they shall jointly file a Joint Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms.

4) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before May 28, 2024, a party shall contact my chambers to arrange a conference call.

Dated this 21st day of May, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge